# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-223V
### (To be published)

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
SUSAN WILLIAMSEN,                        *
                                         *
              Petitioner,                *       Filed: February 5, 2014
                                         *
       v.                                *       Attorneys' fees; mediation costs;
                                         *       motion for relief from judgment;
SECRETARY OF HEALTH AND                  *       RCFC 60(a); RCFC 60(b)
HUMAN SERVICES,                          *
                                         *
              Respondent.                *
                                         *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Anne Carrión Toale, Sarasota, FL, for Petitioner

Lisa Ann Watts, Washington, DC, for Respondent

### DECISION[1]

On April 12, 2010, Petitioner Susan Williamsen filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10-34 (2012), alleging injuries resulting from her tetanus vaccination in April 2009. The parties subsequently entered into a stipulation in July 2013 detailing an amount to be awarded to Petitioner, which was incorporated into a judgment that the prior Special Master entered on July 12, 2013. The parties also entered into a stipulation regarding fees and costs, which (after the special master's approval by a decision dated August 29, 2013) resulted in a fee judgment dated September 9, 2013.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B) and Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. *Id.*

Petitioner now moves for relief from the Fee Judgment, asserting that the parties inadvertently omitted from their fee stipulation a mediation invoice in the amount of $4,874.50. Because I find that the existing Fee Judgment does reflect an oversight or omission, I will grant the motion.

**Applicable Legal Standards for Relief from Judgment**

Under Vaccine Rule 36, Appendix B, RCFC (the "Vaccine Rules"), a party may seek relief from judgment pursuant to RCFC 60. Ms. Williamsen's motion invokes Rule 60(b)(1), which permits relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). However, there are alternative bases for such relief under RCFC 60(a), applying different legal standards. I must therefore determine which standard best applies to the present motion.

In determining whether a motion is properly classified under RCFC 60(a) or RCFC 60(b), the United States Court of Appeals for the Federal Circuit has stated:

> Rule 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. *See* James W. Moore and Jo Deshap Lucas, *Moore's Federal Practice* ¶ 60.06[1] (2d ed.1993); *see also United States v. Bealey,* 978 F.2d 696, 699 (Fed.Cir.1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. *See* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (1973 & Supp.1993). Errors of a more substantial nature are more appropriately correctable under subdivision 60(b). *See* Moore, *supra,* ¶ 60.06[4].

*Patton v. Sec'y of Health and Human Servs.,* 25 F.3d 1021, 1029 (Fed.Cir.1994).

Rule 60(a) thus allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and is appropriate where the order, decision or judgment does not reflect what the court intended. RCFC 60(a); *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009) (finding that under Fed. R. Civ. P. 60(a)[2] courts may "correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties"); *see also Companion Health Services, Inc. v. Kurtz*, 675 F.3d 75, 87 (1st Cir. 2012) (finding relief under Rule 60(a) appropriate only where "the judgment failed to reflect the court's intention" and not where the correction would alter the deliberate choice of the judge (quoting *Bowen Inv., Inc. v. Carneiro Donuts, Inc.,* 490 F.3d 27, 29 (1st Cir. 2007)).

---

[2] The Rules of the United States Court of Federal Claims generally mirror the Federal Rules of Civil Procedure (FRCP). *See* RCFC 2002 rules committee note ("[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure"); *see also Rivera Agredano v. United States*, 76 Fed. Cl. 315, 317 n.3 (Fed. Cl. 2007) (RCFC 60(b) conforms to FRCP 60).

Rule 60(b), by contrast, provides a mechanism for correcting more serious kinds of errors in a judgment or order. It delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b). Rule 60(b) relief may only be obtained by motion and a showing of "just terms," (*Id.*)[3], whereas Rule 60(a) relief may be granted by the Court upon its own volition with or without notice to the parties.

Here, I find that the relief requested by Petitioner is warranted under Rule 60(a), independent of whether Petitioner could also establish a basis for revising the Fee Judgment under Rule 60(b)(1). As demonstrated by the mediation services invoice submitted by Petitioner at my request subsequent to the filing of this motion, the omitted costs reflect Petitioner's share of fees owed to the mediator who assisted in the successful settlement that ended this action. The special master previously responsible for presiding over this action was informed of the parties' intent to participate in mediation (*see* December 12, 2012 Prehearing Order (ECF No. 47) at 5) as well as the success of the mediation itself. Thus, the mediation invoice in question does not constitute a category of expense not previously disclosed in these proceedings.

Moreover, the motion does not challenge or dispute the underlying merits of the prior fee decision that produced the Fee Judgment. The requested correction will increase the size of the Fee Judgment by less than five percent, with the entirety of the requested additional amount being paid to a third party mediator. The motion is also unopposed by Respondent, further underscoring the extent to which it is the view of the parties that the error in question, while worthy of correction, is substantively minor. Such circumstances constitute sufficient "oversight or omission" to grant the relief requested without a greater showing by Petitioner. *See Masias v. Sec'y of Health & Human Servs.,* 2013 WL 680760, at *3 (Fed. Cl. Spec. Mstr. Jan. 30, 2013) (correcting judgment containing miscalculation of attorneys' fees under RCFC 60(a)).

**CONCLUSION**

Accordingly, Petitioner is awarded an additional **$4,874.50** in attorneys' fees to pay for mediation services utilized in this action. **Specifically, Petitioner is awarded a lump sum of $4,874.50 in the form of a check made payable jointly to Petitioner (Susan**

---

[3] The grounds for relief under RCFC 60(b)(6) are even more difficult to satisfy, requiring a showing of "extraordinary circumstances." *See Ackerman v. United States*, 340 U.S. 193, 198, 202 (1950) (finding petitioner did not fulfill the "extraordinary circumstances" requirement necessary for vacating judgment). The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health and Human Services*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice."); *Coleman v. Sec'y of Health and Human Services*, No. 06-0710, 2011 WL 6828475, at *4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

**Williamsen) and Petitioner's counsel (Anne C. Toale, Esq., of the law firm of Maglio Christopher and Toale, PA).**

In the absence of a motion for review filed under RCFC, Appendix B, the clerk is directed to enter judgment according to this order. Pursuant to Vaccine Rule 28.1, the clerk is instructed to provide a copy of this decision to the presiding judge. Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master